1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10   TIM KENNEDY, et. al.,                 CASE NO. C11-1231 MJP

11                   Plaintiffs,           ORDER

12        v.

13   JANET K. PHILLIPS, et. al.,

14                   Defendants.

15

16        This matter comes before the Court on Defendants' motions to dismiss (Dkt. Nos. 19,

17   25), Defendants' motion for relief from deadline (Dkt. No. 36), Defendants' motion to seal

18   privileged and confidential information (Dkt. No. 53), and Defendants' motion to seal and

19   substitute Dkt. No. 45-2 (Dkt. No. 61.)  Having reviewed the motions, the Court GRANTS in

20   part and DENIES in part Defendants' motions to dismiss, GRANTS Defendants' motion for

21   relief from deadline, GRANTS Defendants' motion to seal privileged information, and GRANTS

22   Defendants' motion to seal and substitute Dkt. No. 45-2.

23   \\

24   \\

ORDER- 1

**Background**

On July 25, 2011, Plaintiffs filed this action against the Estate of William D. Phillips, Sr. and alternatively against AJVS, Inc. for breach of fiduciary duty, breach of contract and other claims.  (Dkt. No. 1.)  Plaintiffs' action relates to a vessel, F/V Atlantic Frost, official number 202733 ("the Vessel") and the maritime contracts establishing its ownership, financing and charter for the purposes of fish processing and marketing operations.

AFH LLC owns the Vessel.  William Phillips, Sr. ("Phillips"), Tim Kennedy ("Kennedy"), and W. Walter Raber ("Raber") jointly financed the investment.  (Compl. ¶ 4.8.) Defendant AFS LLC operated the Vessel beginning in June 2004 under a time charter.  (Id. ¶ 4.3.)  AFS LLC used the Vessel for fish processing and its management was vested based on its members' proportionate interests.  (Id. ¶ 4.30.)  AFS LLC's members included the same individuals who owned the Vessel, as well as Global Fish US, Inc.  Phillips and Raber signed the charter agreement on behalf of AFH LLC and AFS LLC, respectively.  Upon Raber's death, however, Phillips became president of both companies.  (Id. ¶ 4.17.)   In August 2010, Phillips also died in a plane crash.

Plaintiffs allege Phillips misappropriated assets of both AFH LLC and AFS LLC. (Compl. ¶ 5.1.)  Specifically, Phillips diverted accounts payable owed to AFS LLC to his own corporation, AJVS, Inc.  AJVS, Inc. owned another vessel, the M/V Excellence, which operated out of Seattle, Washington.  In addition, Plaintiffs allege, under Phillips's management, AFS LLC failed to pay wages to the Vessel's captain, Raber, and Raber's son, Ryan Raber ("Ryan") and incurred obligations to other companies/vessels, including the New England Fish Company, LLC, the F/V AJ which is owned by AJ Group LLC, and the F/V Providian which is owned by Ocean Spray Partnership and Trident Maritime Company.  (Compl. ¶¶ 4.30-4.97.)

1        Plaintiffs are Kennedy, Ryan, W. Walt Raber Marital Trust, New England Fish

2   Company, Trident Maritime Company, Ocean Spray Partnership, AJ Group LLC and the New

3   England Fish Company, LLC.  Defendants are Janet K. Phillips, the Personal Representative of

4   Phillips's estate and AJVS, Inc., and AFS LLC.  AFS LLC has not been served, nor has it

5   appeared in this action. AFH LLC is not a party to the proceeding as it was ordered dissolved in

6   a related litigation by Delaware's Chancery Court.  Kennedy, Phillip's estate, Raber's estate, and

7   the W. Walter Raber Marital Trust are also parties to the action before the Delaware Chancery.

8                                          **Analysis**

9   A.  Motions to Dismiss

10       1.  Personal Jurisdiction over the Phillips estate

11       No dispute exists over Defendant AJVS because AJVS's principal place of business is in

12  Seattle; however, Defendants argue the Court does not have personal jurisdiction over the

13  Phillips estate.

14       Where no federal law authorizes personal jurisdiction, a court must first examine whether

15  the forum state's laws permit the assertion of jurisdiction over nonresident defendants.  Boschetto

16  v. Hansing, 539 F.3d 1011, 1015 (9th Cir.2008). Washington's long-arm statute permits the

17  exercise of jurisdiction to the full extent of the Due Process Clause of the U.S. Constitution.

18  Easter v. Am. West Fin., 381 F.3d 948, 960 (9th Cir.2004) (citing RCW 4.28.185).  Under the

19  Due Process Clause, a court may exercise personal jurisdiction over a defendant when that

20  defendant has "minimum contacts" with the forum state.  Helicopteros Nacionales de Colombia,

21  S.A. v. Hall, 466 U.S. 408, 414 (1984).  To meet this threshold, a plaintiff must allege that either

22  the claim arises out of defendants' forum-related activities or the defendant has "substantial,

23

24

1    continuous, and systematic" contacts with the forum sufficient for general jurisdiction. <u>Perkins</u>

2    <u>v. Benguet Consolidated Mining Co.</u>, 342 U.S. 437, 445 (1962).

3        Here, Plaintiffs concede the Court lacks specific jurisdiction; yet, argues the Court has

4    general jurisdiction over Phillips's estate because his contact with Washington was substantial,

5    continuous and systematic.  The Court disagrees.  First, a corporation's actions are presumed to

6    be distinct from that of the individual directors unless alter ego liability applies and the court

7    finds "piercing the corporate veil" is appropriate. <u>American Tel. & Tel. Co. v. Compagnie</u>

8    <u>Bruxelles Lambert</u>, 94 F.3d 586, 591 (1996).  Even the acts of partnerships do not automatically

9    confer personal jurisdiction over the partners individually. <u>Sher v. Johnson</u>, 911 F.2d 1357, 1366

10   (9th Cir. 1990).  Here, Plaintiff's submissions overwhelmingly relate to the corporations and/or

11   LLC activities, not Phillips's activity.  (See Starczewski Decl. Ex. 1-16, Kennedy Decl. Ex. A –

12   H, Tasker Decl. Ex. A – V). While Phillips once signed a promissory note while in Washington,

13   this is not enough to establish general jurisdiction.  (<u>See</u> Kennedy Decl., Ex. C and D.)  Since

14   Phillips's activities are distinct from the corporations and no argument is made that piercing the

15   corporate veil is appropriate, the Court finds it lacks general jurisdiction over Phillips's estate.

16       Second, Plaintiff's argument for general jurisdiction relies on declarations largely

17   inadmissible under Washington's deadman statute.  The deadman statute provides that, "a party

18   in interest or to the record, shall not be admitted to testify in his or her own behalf as to any

19   transaction had by him or her with, or any statement made to him or her, or in his or her

20   presence, by [the deceased]." RCW 5.60.030.  While the statute does not bar documentary

21   evidence, it does limit a party in interest's testimony about the documents. <u>Laue v. Estate of</u>

22   <u>Elder</u>, 106 Wash.App. 699 (2001).  Here, Plaintiffs' declarations from Kennedy and Tasker

23   describe their business dealings with Phillips in Washington; however, Kennedy is a party to this

24

ORDER- 4

1   action and Tasker is a litigant in a separate state court action against Phillips's estate.  Both are

2   interested parties. The declarations are admissible only to the extent Kennedy and Tasker discuss

3   their own actions, feelings or impressions.  Cf. Estate of Lennon v. Lennon, 108 Wash.App. 167

4   (2001).  In reviewing the admissible portions of the declarations and the exhibits, the Court finds

5   Plaintiffs fail to show Phillips's contacts with Washington were continuous and systematic.

6           Third, even considering the declarations in their entirety, Phillips's contact in

7   Washington is not sufficient to demonstrate personal jurisdiction.  Phillips's contact in

8   Washington significantly pre-dates Plaintiffs' claims.  While courts may consider the contacts

9   occurring prior to the event causing the litigation when conducting a minimum contacts analysis,

10  "the relevant contacts between the defendant and the forum state must not have been weakened

11  by the passage of time."  Mattel, Inc. v. Greiner & Hausser GMbH, 354 F.3d 857, 866 (9th Cir.

12  2003); see also Farmers Ins. Exch. V. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th

13  Cir. 1990).  Here, Plaintiffs' exhibits relate to contractual clauses agreeing to apply Washington

14  law and Phillips's interest in companies.  At most, this demonstrates general jurisdiction over

15  Phillips existed in the early 1990s.  However, Plaintiffs' claims arose in the mid to late 2000s.

16  The lone contact Plaintiff identifies in the 2000s is from Alaska's official records, not

17  Washington's, and lists a Seattle address for not only Phillips, but also the Vice President,

18  Secretary and Treasurer of the company.  (Starczewski Decl., Ex. 4.)  The most likely inference

19  is that the Seattle address is that of the company, not Phillips's own address.  The Court finds

20  this is not enough to establish a continuous and systematic contact with Washington.

21          Finally, issue preclusion does not require the Court find it has personal jurisdiction over

22  Phillips's estate.   While a King County Superior Court held in a separate, but related action that

23  personal jurisdiction exists, issue preclusion does not apply.  Federal courts apply state law

24

1   concerning the preclusive effect of a state ruling.  Holcombe v. Hosmer, 477 F.3d 1094, 1097

2   (9th Cir. 2008).  In Washington, issue preclusion requires identical issues, a final judgment on the

3   merits, the party against whom the plea is asserted must have been a party to or in privity with a

4   party to the prior adjudication; and application of the doctrine must not work an injustice on the

5   party against whom the doctrine is to be applied.  Irondale Community Action Neighbors v.

6   Western Washington Growth Mgmt Hearings, 262 P.3d 81, 86 (Wash.App. 2011).  At this point,

7   the state proceeding has not resulted in a final judgment on the merits; therefore, issue preclusion

8   does not apply.  Here, the state court ruling is handwritten and without analysis. While the Court

9   takes judicial notice of the state court's decision, the Court need not abide by it when analyzing

10  personal jurisdiction.  See Davis v. Metro Productions, Inc., 885 F.2d 515, 518 (9th Cir.

11  1989)("[A] federal court must not fail to address the due process requirements of the federal

12  constitution through blind adherence to a state court's determination of that issue.").

13          Since the Court does not have personal jurisdiction over the Phillips estate, the Court

14  GRANTS Defendants' motion and DISMISSES the Phillips estate without prejudice.

15      2.  Venue

16          In response, Plaintiffs request the Court transfer the claims against Phillips's estate to

17  Maryland if personal jurisdiction is lacking here.  The Court declines to do so.

18          Under 28 U.S.C. § 1631, a court can transfer an action to a district where jurisdiction is

19  proper in order to cure a lack of jurisdiction in the district where the case was first brought.

20  However, transfer is appropriate only "if in the interest of justice."  28 U.S.C. § 1631; see also 28

21  U.S.C. § 1406(a).  In deciding whether to transfer rather than dismiss, courts consider: judicial

22  economy and whether another action would necessarily be filed; the bar of the statute of

23  limitations; and the relative injustice imposed on the parties.  Goldlawr, Inc. v. Heiman, 369 U.S.

24

1    463, 467 (1962); <u>King v. Russell</u>, 963 F.2d 1301, 1304-1305 (9th Cir. 1992).  In addition, the

2    court may only transfer the action to a district in which the action "could have been brought."  28

3    U.S.C. § 1631.  This means the transferee court must have subject matter jurisdiction, proper

4    venue, and defendant must be subject to personal jurisdiction and be amenable to service of

5    process in that district.  <u>See Shapiro v. Bonanza Hotel Co.</u>, 185 F.2d 777, 780 (9th Cir. 1950).  In

6    cases involving multiple defendants, the transferee district must be one in which personal

7    jurisdiction and venue requirements would have been satisfied <u>as to all defendants</u>.  <u>See Liaw Su</u>

8    <u>Teng v. Skaarup Shipping Corp.</u>, 743 F.2d 1140, 1148 (5th Cir. 1984); <u>see also</u> <u>Sunbelt Corp. v.</u>

9    <u>Noble, Denton & Assocs., Inc.</u>, 5 F.3d 28, 33 (3rd Cir. 1993).

10           Here, transfer to the District of Maryland is not in the interest of justice.  While the

11    District of Maryland arguably has jurisdiction over Phillips's estate and AFS LLC since Phillips

12    was a partner of the LLC and Maryland resident, it is unclear whether the District of Maryland

13    would have jurisdiction over Defendant AJVS, Inc.  To the extent Plaintiffs request the Court

14    sever the claims against the Phillips's estate and retain the claims against AJVS, Inc., the request

15    is unavailing.  Severance is inappropriate when it results in the same issues being litigated in two

16    places.  <u>Liaw Su Teng v. Skaarup Shipping Corp.</u>, 743 F.2d 1140, 1148 (5th Cir. 1984); <u>see also</u>

17    <u>Sunbelt Corp. v. Noble, Denton & Assocs., Inc.</u>, 5 F.3d 28, 33 (3rd Cir. 1993).  Since Plaintiffs

18    claims against Phillips's estate, AJVS, Inc. and AFS LLC are all based on Phillips's own

19    allegedly, fraudulent actions, the Court finds transfer would only result in the same issues being

20    litigated in the Western District of Washington and the District of Maryland.  Such duplicitous

21    litigation is not in the interest of justice.

22

23

24

1   The Court DENIES Plaintiffs' request to transfer claims against the Phillips estate to the

2   District of Maryland.  The Court DISMISSES the Phillips estate from this action without

3   prejudice for lack of personal jurisdiction.

4      3.  <u>Subject Matter Jurisdiction</u>

5   The remaining Defendant, AJVS, also disputes whether the Court has subject matter

6   jurisdiction over this action.  Plaintiffs assert jurisdiction under admiralty law.  The Court agrees.

7   On a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction bears the burden of

8   establishing subject matter jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S.

9   375, 377 (1994).  A district court is not limited to the complaint's allegations when determining

10  whether jurisdiction exists.  <u>Robinson v. United States</u>, 586 F.3d 683, 685 (9th Cir. 2009).  A

11  district court has original jurisdiction over any civil case of admiralty or maritime jurisdiction.

12  28 U.S.C. § 1333(1). In tort cases, the injury must have occurred on navigable waters and the

13  alleged wrong must bear a significant relationship to traditional maritime activity.  <u>Foremost Ins.</u>

14  <u>Co. v. Richardson</u>, 457 U.S. 668, 675 (1982).  In contract cases, the boundaries of admiralty

15  jurisdiction is conceptual rather than spatial. <u>Kossick v. United Fruit Co.</u>, 365 U.S. 731, 735

16  (1961).  To ascertain whether a contract is a maritime one, courts consider "whether [the

17  contract] has 'reference to maritime service or maritime transactions.'" <u>Norfolk Southern</u>

18  <u>Railway Co. v. Kirby</u>, 543 U.S. 14, 23-24 (2004).  In <u>Norfolk</u>, the Supreme Court held a bill of

19  lading was a maritime contract even though it provided for transit by both land and sea and the

20  cause of action arose due to a derailment on land.  <u>Id.</u> at 21.  The Supreme Court explained that

21  courts cannot simply ask "whether a ship or other vessel was involved in the dispute," or focus

22  solely on "the place of the contract's formation or performance." <u>Id.</u> at 23-24.  Rather, the

23  dispositive inquiry must be "whether the principal objective of [the] contract is maritime

24

ORDER- 8

1  commerce." Id. at 25; see also Sentry Select Ins. Co. v. Royal Ins. Co. of America, 481 F.3d

2  1208, 1218 (9th Cir. 2007)(discussing Norfolk in detail).

3          Here, diversity jurisdiction is lacking but the Court nevertheless has jurisdiction based on

4  admiralty.  While Defendants argue the only agreement potentially qualifying as a maritime

5  contract is the time charter agreement between AFH and AFS and none of Plaintiffs twelve

6  causes of actions relate to the time charter, the Court finds the argument unpersuasive.

7  Plaintiffs' claims are that Phillips breached contractual obligations under both the LLC

8  agreements and the breach was "in connection with the charter of [the Vessel]."  (See Compl. ¶

9  6.3.)  The allegations include Defendant's failure to make charter payments owed to the vessel,

10  conversion of the vessel and its products, failure to pay for fish deliveries made by F/V

11  Providian, and failure to pay the crew wages.  (Id. at ¶¶ 6.4 and 12.2.)  In addition, as Plaintiffs

12  allege, the principal objective of the LLC arrangement was to manage the Vessel's operations.

13  Since the transactions are maritime in nature, the Court has subject matter jurisdiction over the

14  claims.

15          The Court DENIES Defendants' motion to dismiss for lack of subject matter jurisdiction

16  because subject matter jurisdiction exists over this action based on admiralty.

17      4.  Colorado River Abstention

18          Alternatively, Defendant AJVS requests the Court abstain based on the state proceedings

19  before the Delaware Chancery Court.

20          In Colorado River, the Supreme Court held the presence of a concurrent state proceeding

21  may counsel abstention in the federal proceeding for reasons of judicial administration.  424 U.S.

22  813, 817 (1976). To decide whether a particular case presents the exceptional circumstances that

23  warrant a Colorado River stay, the Court must carefully consider (1) which court first assumed

24

ORDER- 9

1    jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire

2    to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether

3    federal law or state law provides the rule of decision on the merits; (6) whether the state court

4    proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid

5    forum shopping; and (8) whether the state court proceedings will resolve all issues before the

6    federal court.  <u>R.R. Street & Co., Inc. v. Transport Ins. Co.</u>, 656 F.3d 966 (9th Cir. 2011).

7            Here, the <u>Colorado River</u> analysis is a difficult one.  While there's a danger of piecemeal

8    litigation without a stay because Plaintiffs' claims overlap with counterclaims brought in the

9    Delaware action, piecemeal litigation is not sufficient reason to refuse the exercise of

10   jurisdiction.  <u>United States v. Morros</u>, 268 F.3d 695, 706-07 (9th Cir. 2001).  The possibility of

11   inconsistent rulings on the same issues does not support abstention because the first-rendered

12   judgment will be res judicata in the other proceeding.  <u>Kelly Investment, Inc. v. Continentla</u>

13   <u>Common Corp.</u>, 315 F.3d 494, 498 (5th Cir. 2002).  In addition, the <u>Colorado River</u> doctrine is a

14   rare exception to the general rule that federal courts possess a "virtually unflagging obligation . .

15   . to exercise the jurisdiction given to them." 424 U.S. at 817; <u>see also</u> <u>Moses H. Cone Mem.</u>

16   <u>Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 16 (1983)(finding the decision to abstain rests on a

17   "careful balancing" of factors "with the balance heavily weighted in favor of exercising

18   jurisdiction.")

19           Since the Delaware action will not resolve all of the issues before the Court because

20   Plaintiffs in this action include several entities not included in the Delaware action, the Court

21   finds a <u>Colorado River</u> stay is not warranted.

22   \\

23   \\

24

B.  <u>Motion to Seal Privileged and Confidential Information</u>

Defendants seek to seal certain documents Plaintiffs provided when responding to Defendants' motion to disqualify.   (Dkt. No. 53). Specifically, Defendants want to seal (1) the billing records from the late-1990s litigation and (2) correspondence between Henrie and Phillips.  (<u>See</u> Dkt No. 49-1 and Exhibits B and C of Dkt. No. 51.)

Defendants argue the documents are subject to attorney-client privilege.  The Court agrees.  Under RPC 1.6, "a lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."  Plaintiffs argue that the documents in dispute are over a decade old and there's nothing sensitive in the documents, but Plaintiffs' argument misses the point.  Regardless of Plaintiffs' beliefs as to the importance of the documents, the documents are subject to attorney-client privilege. In addition, the duty of confidentiality continues after the client-lawyer relationship has terminated.  RPC 1.9(c)(1) and (2).

The Court GRANTS the motion to seal the documents.   The Court will rule on the merits of the motion to disqualify in a separate order.  To the extent Defendants seek to file supplemental materials under seal in support of its earlier motion to disqualify, the Court finds Defendants are over-reaching and DENIES the request.  If Defendants wanted to submit confidential material in their earlier-filed motion to disqualify or wanted to request in camera review of materials, they should have done so prior to or contemporaneously with the motion. Local Rule 5(g)(5) (a motion to seal must be filed "prior to or contemporaneously with a filing that relies on the documents sought to be filed under seal.")

C.  <u>Motion to Seal and Substitute Dkt. No. 45-2 (Dkt. No. 61)</u>

Defendants inadvertently filed the same confidential communications it seeks to deal in the previous motion.  Defendants, therefore, filed this motion to seal and substitute Dkt. No. 45-

1    2.  The motion is unopposed.  The Court GRANTS Defendant's motion to seal and substitute

2    Dkt. No. 45-2 with a redacted version.

3                                                       **Conclusion**

4           The Court GRANTS the Phillips estate's motion to dismiss for lack of personal

5    jurisdiction and DISMISSES the Phillips estate from this action without prejudice.  The Court

6    DENIES Defendant AJVS, Inc.'s motion to dismiss for lack of subject matter jurisdiction and

7    DENIES AJVS's motion for a Colorado River stay.  The Court GRANTS Defendants' motion to

8    seal and motion to seal and substitute Dkt. No. 45-2.  (Dkt. No. 53 and 61.)

9           The clerk is ordered to provide copies of this order to all counsel.

10          Dated this 28th day of January, 2012.

11

12                                               Marsha J. Pechman
                                                 United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24