UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIM KENNEDY, et. al.,

        Plaintiffs,

    v.

JANET K. PHILLIPS, et. al.,

        Defendants.

CASE NO. C11-1231 MJP

ORDER DENYING MOTION TO DISQUALIFY

This matter comes before the Court on Defendants' motion to disqualify Plaintiffs' counsel. (Dkt. No. 44.) Having reviewed the motion, the response (Dkt. No. 48), the reply (Dkt. No. 55), the notice of joinder (Dkt. No. 58), and all related filings, the Court DENIES Defendants' motion to disqualify Plaintiff's counsel.

**Background**

Plaintiffs' complaint relates to a vessel, F/V Atlantic Frost, official number 202733 ("the Atlantic Frost") and the maritime contracts establishing its ownership, financing and charter for the purposes of fish processing and marketing operations.

William D. Phillips, Sr. ("Phillips"), Tim Kennedy ("Kennedy"), and W. Walter Raber ("Raber"), through AFH LLC, jointly purchased the Atlantic Frost in 2004. (Compl. ¶ 4.8.) Defendant AFS LLC operated the Atlantic Frost beginning in June 2004 under a time charter. (Id. ¶ 4.3.) The Atlantic Frost was used for fish processing and AFS LLC's management was vested based on its members' proportionate interests. (Id. ¶ 4.30.)

Plaintiffs allege Phillips misappropriated the assets of both AFH LLC and AFS LLC by diverting accounts payables to his own corporation AJVS, Inc., which is also a Defendant in this action. (Compl. ¶ 5.1.) In addition, Plaintiffs allege, under Phillips's management, AFS LLC failed to pay wages to the Vessel's captain, Raber, and Raber's son, Ryan Raber ("Ryan") and incurred obligations to other companies/vessels, including the New England Fish Company, LLC, the F/V AJ which is owned by AJ Group LLC, and the F/V Providian which is owned by Ocean Spray Partnership and Trident Maritime Company. (Compl. ¶¶ 4.30-4.97.)

Plaintiffs are suing Janet K. Phillips as the Personal Representative of Phillips's estate, AJVS, Inc., and AFS LLC. AFS LLC has not been served, nor has it appeared in this action. Plaintiffs are Kennedy, Ryan, Raber's Marital Trust, New England Fish Company, Trident Maritime Company, Ocean Spray Partnership, AJ Group LLC and the New England Fish Company, LLC.

Plaintiffs are represented by Scott Henrie ("Henrie") of Williams Kastner Gibbs ("WKG"), who previously represented AJVS in a 1998 litigation against Supreme Alaska Seafoods, Inc. ("SAS"). (Bratz Decl., Dkt. No. 45, Ex. A.) Henrie's representation of AJVS spanned from 1998 until, at least, October 31, 2000. (Id., Ex. L.)

\\

\\

**Analysis**

Defendant AJVS seeks to disqualify Plaintiffs' counsel, Henrie and WKG, based on Henrie's previous representation of AJVS in the 1998 litigation between AJVS and SAS.

When faced with an allegation that an attorney's representation presents a conflict of interest, it is "the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar." Gas–A–Tron of Arizona v. Union Oil Co. of California, 534 F.2d 1322, 1324 (9th Cir.1976) (per curiam) (citing Richardson v. Hamilton Int'l Corp., 469 F.2d 1382 (3rd Cir.1972), cert. denied, 411 U.S. 986 (1973)), cert. denied, 429 U.S. 861 (1976). To determine whether an attorney's representation of a particular client violates the attorney's ethical responsibilities, the Court first refers to the local rules regulating the conduct of members of its bar. United States ex rel. Lord Elec. Co., Inc. v. Titan Pacific Const. Corp., 637 F.Supp. 1556, 1560 (W.D.Wash.1986). Attorneys practicing in this district must abide by the Rules of Professional Conduct ("RPC") promulgated by the Washington Supreme Court. See Local Rule GR 2(e)(1).

Here, AJVS believes Henrie and WKG's representation of Plaintiffs violate two separate RPC rules: RPC 1.9(a) and RPC 1.9(c). The Court finds Defendants' arguments unavailing. First, Henrie and WKG's representation does not violate RPC 1.9(a). RPC 1.9(a) states, "a lawyer who has formerly represented a claimant in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." A RPC 1.9(a) violation requires (1) that the conflict involve a former client; (2) that the subsequent representation is materially adverse to the former client; and (3) that the current and the former representation matters are substantially related. See FMC Technologies, Inc. v. Edwards, 420 F. Supp. 2d 1153, 1159 (W.D. Wash.

2006). In this case, the first two factors are undisputed; however, Defendant's motion fails because the third prong is not met--the current litigation and the 1998 litigation are wholly unrelated. The crux of Plaintiffs' claim is that Phillips used AJVS to divert funds owed to Plaintiffs. In contrast, the 1998 litigation involved the right to receive contractual payments upon the sinking of a different fishing vessel. In addition, neither of the LLCs involved in the present matter, including one of the Defendants, even existed in 1998.

AJVS nevertheless argues it is unfairly disadvantaged because Henrie is aware of AJVS's pattern of business conduct and accounting procedures given the prior representation. The Court finds AJVS's argument fails. While a lawyer may be disqualified if the lawyer has information that may reveal the client's pattern of conduct that is not the case here. The previous litigation related to a contract claim and insurance proceeds. Even assuming Henrie viewed AJVS's bank accounts, IRS audits of AJVS, and other AJVS financial records during the prior litigation, it is unclear how these documents specifically relate to the current litigation, which focuses on Phillips's allegedly wrongful conduct. (See Bratz Decl. at ¶ 15.) The fact that Henrie, at one point, spoke with a tax attorney referred to in the present Complaint is not enough. Since the 1998 litigation is unrelated to the present litigation, the Court finds Henrie does not violate RPC 1.9(a) by representing Plaintiffs in this matter.

Second, Henrie did not violate RPC 1(c) by providing a copy of AJVS's file to Thorne Tasker ("Tasker"). Under RPC 1.9(c), an attorney cannot use information relating to the representation to the disadvantage of the former client or reveal information relating to the representation without the client's written consent. The essence of the attorney/client relationship is whether the attorney's advice or assistance is sought and received on legal matters. See 1 R. Mallen & J. Smith § 11.2 n. 18; 7 Am.Jur.2d Attorneys at Law § 118 (1980). The

relationship need not be formalized in a written contract, but rather may be implied from the parties' conduct. In re McGlothlen, 99 Wash.2d 515, 522 (1983). Whether a fee is paid is not dispositive. McGlothlen, 99 Wash. 2d at 522. The existence of the relationship "turns largely on the client's subjective belief that it exists. " McGlothlen, 99 Wash. 2d at 522.

In this case, Tasker was a client in the 1998 litigation. Based on Tasker's own declaration, Phillips and Tasker created AJVS in the 1980s and rolled Tasker's existing company, AJVF, into the newly-formed entity. (Henrie Decl., Dkt. No. 51, Ex. 2 (Tasker Decl.).) In 1991, however, Phillips and Tasker decided to separate their interests, including a contract to sell a vessel to SAS. (Id.) However, a drafting error resulted in the interest being owned by AJVS rather than by Tasker, as Phillips and Tasker intended. (Id.) So, Phillips agreed to assist Tasker in pursuing the claims on the contract claim, allowing AJVS to bring suit as Plaintiff. (Id.) In sum, Henrie and WKG represented both Phillips and Tasker. Tasker paid for the majority of the legal fees, was directly involved in the litigation, and believed himself to be a client. The joint nature of the arrangement is further reflected in (1) the 1998 engagement letter which states, "There is also an arrangement between you, AJVS and Thorne Tasker to share the proceeds of any recovery from SAS." (Bratz Decl., Ex. A.) and (2) a letter from Phillips to Henrie stating, "the Taskers are to receive 75% of the proceeds of [the 1998 litigation] and are to pay 75% of the legal fees that are accrued." (Henrie Decl., Dkt. No. 41, Ex. 2.) Therefore, the fact that Henrie provided the file to Tasker at the conclusion of the matter is not an ethical violation warranting disqualification.

Since the 1998 litigation is not substantially related to the present litigation and Henrie did not violate ethical obligations by providing a client file to Tasker, the Court DENIES AJVS's motion to disqualify Plaintiffs' counsel.

**Conclusion**

The Court DENIES Defendants' motion to disqualify Plaintiff's counsel. To the extent Defendants request in camera review of AJVS v. SAS client files, the Court declines to do so. If, during the course of litigation, Defendants believe Plaintiffs' counsel improperly improperly gained specific information based on his representation of AJVS, the Court will consider a renewed motion to disqualify. However, at this time, it is not the Court's responsibility to review voluminous files to determine if there is anything warranting disqualification.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of February, 2012.

Marsha J. Pechman
United States District Judge