UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIM KENNEDY, et. al., | CASE NO. C11-1231 MJP |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES |
| v. | |
| AJVS, INC., a Delaware Corporation, et. al, | |
| Defendants. | |

This matter comes before the Court on Defendant's motion to dismiss for failure to join indispensable parties (Dkt. No. 70), Defendant's motion to stay (Dkt. No. 74), and Plaintiff's motion to strike (Dkt. No. 87). Having reviewed the motions, the responses (Dkt. Nos. 76 and 81), the replies (Dkt. Nos. 83 and 85), and all related filings, the Court GRANTS Defendant's motion to dismiss, GRANTS Plaintiff's motion to strike, and DENIES Defendant's motion to stay as moot.

\\

\\

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FOR FAILURE TO JOIN
INDISPENSABLE PARTIES- 1

**Background**

The complaint in this action relates to a vessel, F/V Atlantic Frost, official number 202733 ("the Atlantic Frost") and the maritime contracts establishing its ownership, financing, and charter for the purposes of fish processing and marketing operations. In brief, two members (Tim Kennedy, Walter Raber) of two closely-held partnerships that owned and operated the Atlantic Frost, along with a couple other creditor Plaintiffs, are suing a third, now-deceased member (William D. Phillips) for breach of LLC operating agreements, fraud, and conversion.

In 2004, William D. Phillips, Sr. ("Phillips"), Tim Kennedy ("Kennedy"), and W. Walter Raber ("Raber"), organized as AFH LLC, jointly purchased the Atlantic Frost. (Compl. ¶ 4.8.) A separate partnership, the AFS LLC, managed and operated the Atlantic Frost as a fish and crab processing vessel under a Time Charter Agreement. (Id. ¶ 4.3.) AFS LLC's membership consisted of the same three partners as AFH LLC (Phillips, Kennedy, and Raber) with the addition of the Global Fish U.S., Inc. (Id.) Upon Raber's death, Phillips became the President of both AFS LLC and AFH LLC. (Id. ¶ 4.17.)

In August 2010, Phillips died in a plane crash. In July 2011, Plaintiffs filed suit against Janet K. Phillips as the Personal Representative of Phillips's Estate (hereinafter referred to as the "Phillips Estate"), AJVS Inc., and AFS LLC. Plaintiffs' claims largely mirror counterclaims made against the Phillips Estate in a related litigation filed one month earlier before the Delaware Chancery Court (hereinafter referred to as "Delaware action"). (Dkt. No. 72, Bersch Decl., Ex. 4.) The Delaware action was filed by the Phillips Estate and includes many of the Plaintiffs in this action (Kennedy, the Raber Estate, the Raber Marital Trust and AFH LLC). Plaintiffs allegations are generally two-fold: (1) that Phillips misappropriated the assets of both AFH LLC and AFS LLC by diverting accounts payables to his own corporation, Defendant

1 | AJVS, Inc. ("AJVS") and to his own personal account; and (2) that, under Phillips's
2 | management, AFS LLC failed to pay wages to the Atlantic Frost's captain, Ryan Raber
3 | ("Ryan"), who was Raber's son, and incurred obligations to several companies/vessels, including
4 | the New England Fish Company LLC, the AJ Group LLC, and the owners of the F/V Providian
5 | (Ocean Spray Partnership and Trident Maritime Company). (Compl. ¶¶ 4.30-4.97, 5.1.)

**Analysis**

I. <u>Motion to Dismiss for Failure to Join Indispensable Party</u>

Defendant AJVS Inc. seeks to dismiss for failure to join an indispensible party under Rule 12(b)(7) and 19(a) or, alternatively, for failure to state a claim under Rule 12(b)(6). The Court dismiss for failure to join the Phillips Estate and, therefore, does not reach the 12(b)(6) motion.

A. <u>Indispensable Party</u>

Defendant seeks to dismiss for failure to join the Phillips Estate pursuant to Rule 12(b)(7). A motion to dismiss under Rule 12(b)(7) requires the court conduct three successive inquiries. U.S. v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999). First, the court must determine whether the absent party is "necessary." Id. Second, if the absent party is "necessary," the court considers whether joinder is "feasible." Finally, if joinder is not feasible, the court reaches the third step and determines whether the case can proceed without the absentee or whether "in equity and good conscience" the action should be dismissed. Fed. R. Civ. P. 19(b).

i. <u>Necessary</u>

Defendant argues the Phillips Estate, Global Fish Inc., the Raber Estate and a representative of AFH LLC are absent but necessary parties to this action. The Court agrees the Phillips Estate is an indispensable party and, therefore, does not reach the other absent parties.

a. <u>Phillips Estate</u>

AJVS argues the Phillips Estate is a necessary party to the litigation because all of Plaintiffs' claims relate to Phillips's mismanagement and self-dealing. The Court agrees.

Under Rule 19, a party is "necessary" if: (1) in the person's absence complete relief cannot be accorded among the existing parties, <u>or</u> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a).

Here, the Phillips Estate is a "necessary" party based on the second prong—because the Phillips Estate's ability to protect its interest would be impaired or impeded by the litigation. Plaintiffs' claims are essentially that Phillips misappropriated assets of AFH LLC and AFS LLC and diverted them to his own corporation, i.e., AJVS. Plaintiffs' claims almost completely overlap with counterclaims the Phillips Estate currently faces in the Delaware litigation. As in the Delaware litigation, it is only Phillips's conduct that gives rise to liability, even if AJVS's accounts also benefitted from the alleged misdeeds. Therefore, as a practical matter, there is no way for Plaintiffs to prevail in this litigation without a finding the damages were a result of Phillips's conduct. Since a judgment in favor of AJVS in this action would impair the Phillips Estate's ability to defend itself in the Delaware litigation, the Phillips Estate is a necessary party to this action.

Plaintiffs nevertheless argue the Phillips Estate need not be part of the litigation because (1) AJVS is liable as a joint tortfeasor and (2) Phillips was merely acting as AJVS's agent. Neither argument is persuasive. First, even though AJVS is liable as a joint tortfeasor, Plaintiffs'

argument disregards the fact that the necessary party analysis is two-pronged. While AJVS's liability as a joint tortfeasor means complete relief to Plaintiffs is possible and the Phillips Estate is not a necessary party under the first prong, the Court must also consider the interests of the absent party. As discussed above, given the Delaware action, the Phillips Estate's interests would be impaired if absent from this litigation.

The on-going Delaware action, therefore, makes this case unlike the case Plaintiffs rely on to argue against Rule 19 dismissal. In Huber v. Taylor, 532 F.3d 237, 242 (3rd Cir. 2008), Huber, the Third Circuit held Plaintiffs suing their former attorneys need not have also sued their local counsel. Id. The Third Circuit's reasoning was that, Rule 19 requirements were not "satisfied simply because … a judgment against Defendants [could] set a persuasive precedent in any potential future action against Local Counsel." Id. at 249-50. However, in this case, the concern is not regarding a potential future action, but an action that is already on-going and filed before this one. Because the Phillips Estate is facing a counterclaim in Delaware and its interests in defending that action would be implicated, the Phillips Estate is a necessary party under the second prong.

Second, Plaintiffs' argument that Phillips acted as AJVS's agent is unavailing. Plaintiffs argue it was AJVS that was the actual member of AFS LLC, and not Phillips and, therefore, Phillips's conduct was done as AJVS's representative to AFS LLC's management committee. This is a novel argument likely necessitated by the Court's dismissal of Phillips--and, more importantly, not pled in the Complaint. In the Complaint, Plaintiffs listed Phillips as AFS LLC's member, not AJVS. (Compl. ¶¶ 4.26 – 4.35.) The Complaint's only reference to AFS LLC's ownership is as follows: "[t]he full extent of [Phillip's] self-dealing waste and diversion of assets is unknown and perhaps unknowable in part because there are . . . inconsistent tax records. Tax

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FOR FAILURE TO JOIN
INDISPENSABLE PARTIES- 5

records differ over whether [Phillips] or AJVS, Inc. is the owner of AFS LLC." (Compl. ¶ 4.69.) Since the parties' disagreement over tax records hardly demonstrates Phillips acted as AJVS's agent and Plaintiff's Complaint is drafted otherwise, the Court finds Phillips remains a necessary party to this action.

Since the Phillips Estate's interest will be immediately impacted given the Delaware litigation, the Court finds the Phillips Estate is a necessary party to this litigation.

    ii.   Feasibility

At the second step of the analysis, the Court considers whether the Phillips Estate's joinder is feasible. There are three circumstances where joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction. EEOC v. Peabody Western Coal Co., 400 F.3d 774, 780 (9th Cir. 2005).

Here, the Phillips Estate's joinder is not feasible because the Court already determined it lacks personal jurisdiction over the Phillips Estate. (Dkt. No. 62.) Plaintiffs attempt to argue the Court has specific personal jurisdiction over the Phillips Estate even though the Court determined it lacked general personal jurisdiction. The Court finds the argument meritless. Plaintiffs' argument is based on an option agreement that sold AJVS from Phillips to its current owners, Phoenix Professor Limited Partnership ("PPLP"). A provision in the option agreements reads that Phillips and PPLP "submit to the personal jurisdiction of any court . . . in Seattle, Washington, with respect to any litigation arising out of this Agreement." However, the option agreement is not the contract being litigated here. While AJVS may hypothetically have a claim against its Co-Defendant, the Phillips Estate, for breach of the option agreement, AJVS has not

joined the Phillips Estate to this dispute and, as currently pled, the dispute relates to breach of wholly separate LLC operating agreements.

Since the option agreement does not relate to this litigation, the Court finds joinder of the Phillips Estate is not feasible.

iii. In Equity and Good Conscience

The third step in a Rule 19 motion is to consider whether dismissal is in equity and good conscience. The decision whether to dismiss due to "equity and good conscience" is made in light of pragmatic considerations. Roos v. Texas Co., 23 F.2d 171 (2d Cir. 1927). In determining whether an action should be dismissed, courts consider: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief; or other measures;(3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed. R. Civ. P. 19(b).

Here, three of the four factors counsel dismissal. Regardless of whether a judgment in this action would adequately serve Plaintiffs, Plaintiffs also have an adequate remedy in the Delaware litigation—i.e., via the counterclaim that is already pending. In addition, as discussed above, a judgment in this litigation would necessarily prejudice the Phillips Estate in the Delaware litigation. Since Phillips' and AJVS's actions were so closely intertwined, the prejudice could not be lessened through protective provisions in the judgment. Considering the interests of justice, the Court DISMISSES this action for failure to join the Phillips Estate, who is an indispensable party not feasible subject to joinder.

\\

II. Motion to Strike

In surreply, Plaintiffs request the Court strike certain aspects of AJVS's reply. Specifically, Plaintiffs request the Court strike (1) Defendant's reference to AJVS tax returns in the reply and in initial disclosures because AJVS fails to actually attach the tax returns, (2) reference to Phillips's emails with his accountant before his death because the emails speak for themselves, and (3) Bratz's explanation of an IRS letter's significance because it is inaccurate.

The Court agrees with Plaintiffs. The Bratz Declaration includes unnecessary and apparently inaccurate commentary regarding the exhibits and/or fails to attach referenced documents. Therefore, the Court GRANTS Plaintiffs request and STRIKES the parts of AJVS's replying on those exhibits.

III. Motion to Stay

AJVS moves to stay proceedings pending the Court's decision on its motion to dismiss for failure to join indispensable parties. Since the Court has now rendered its decision on the dispositive motion, AJVS's motion to stay is DENIED as moot.

**Conclusion**

The Court GRANTS Defendant's motion to dismiss for failure to join indispensable parties, GRANTS Plaintiff's motion to strike, and DENIES as moot Defendant's motion to stay proceedings.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 15th day of May, 2012.

Marsha J. Pechman
United States District Judge